UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF: | CASE NUMBER: 10-13843 |
| WILLIAM G. ANDERSON | SECTION: "A" |
| BILLE S. ANDERSON | CHAPTER 7 |
| DEBTORS | |
| CHERYL BLOOMENSTIEL PLAINTIFF | ADVERSARY PROCEEDING |
| VERSUS | CASE NUMBER: 11-01002 |
| WILLIAM G. ANDERSON AND BILLIE S. ANDERSON DEFENDANTS | |

..................................................................................

## ANSWER

**NOW INTO COURT,** through undersigned counsel, come William G. Anderson and Billie S. Anderson, Debtors/defendants, who in answer to petitioner's Complaint respectfully represent:

1.

The allegation of paragraph 1 requires no response.

2.

The allegation of paragraph 2 of the Complaint is admitted.

3.

The allegation of paragraph 3 of the Complaint is a legal conclusion and requires on response.

4.

The allegation of paragraph 4 of the Complaint is admitted.

5.

The defendants cannot admit or deny the allegations of paragraph 6 because they lack knowledge or information sufficient to justify a belief as to the truth of said allegations. However, defendants believe that Ms. Bloomendstiel resides at 812 Dauphine Street, New Orleans, Louisiana.

6.

The allegations of paragraph 6 of the Complaint are denied as written. Furthermore, the contract between the parties states that defendant will use copper or stainless steel nails (see Ex. A, contract between the parties).

7.

The defendants cannot admit or deny the allegation of paragraph 7 because they lack knowledge or information sufficient to justify a belief as to the truth of said allegation.

8.

The defendants cannot admit or deny the allegations of paragraph 8 because they lack knowledge or information sufficient to justify a belief as to the truth of said allegation. However, defendant William G. Anderson admits that he was paid in installments.

9.

The defendants cannot admit or deny the allegations of paragraph 9 because they lack knowledge or information sufficient to justify a belief as to the truth of said allegation.

10.

The allegations of paragraph 10 are admitted to the extent that they allege that the defendant William G. Anderson did not carry liability insurance. The other allegations of paragraph 9 cannot be admitted or denied because defendants lack knowledge or information sufficient to justify a belief as to the truth of said allegations.

11.

The allegations of paragraph 11 of the Complaint are denied as written. However, defendants admit that a Judgment against William G. Anderson in the amount of $78,106.40 was rendered by the Civil District Court for the Parish of Orleans. No Judgment against Billie S. Anderson was obtained.

12.

The allegations of paragraph 12 of the Complaint are denied to the extent that they allege that the defendants committed fraud. The remainder of the allegations are speculative and/or legal conclusions and require no response.

Affirmative Defenses

13.

Contrary to the Plaintiff's representations, defendant William G. Anderson used Vermont Slate on Plaintiff's roof. If fact, the expert report submitted by Plaintiff in the District Court proceedings, contrasts the high quality of the material with the poor workmanship (Ex. B, expert report at page 4; Ex. C, receipt for purchase of slate).

14.

Defendant, Billie S. Anderson, was not a party to the negotiations and did not make any statements to the Plaintiff.

15.

Defendant William G. Anderson, advised Plaintiff he was in the process of getting insurance. He suggested that she waits until he obtains the insurance. However, Plaintiff stated that she did not wish to wait and wanted the job done while her children were at camp. Furthermore, even if the Plaintiff was under the impression that defendant carried liability insurance, she could have ascertained it, by simply asking for an insurance certificate. Thus a minimal effort would have revealed to the Plaintiff that the Defendant did not carry insurance.

16.

The Judgment obtained by the Plaintiff from the Civil District Court was a Default Judgment for breach of contract, not for fraud. The Judgment was based on four elements:

a. $56,900.00 for the replacement of the roof (based on a proposal from Durable Slate Company). A brief examination of the proposal shows that it includes work and material not included in the contract between the Plaintiff and Defendant (see attached Ex. D as compared to Ex. A).

b  25% attorney's fees (see Ex. E transcript of proceedings at pp. 13-15). The award of attorney fees was not based on contract or statute. Had Mr. Anderson had representation, there would have been no award for attorney's fees.

c. $5000.00 in consequential damages.

d. $456.40 in court costs.

WHEREFORE, Defendants William G. Anderson and Billie S. Anderson, pray that the Answer and Affirmative Defenses be deemed good and sufficient and that after due proceedings are had, that there be judgment rendered in their favor and against the Plaintiff, Cheryl Bloomenstiel, dismissing all claims herein with prejudice at Plaintiff's costs and for all other general and equitable relief as appropriate.

Respectfully submitted:

s/Ruhama Dankner
Ruhama Dankner #24107
5200 Lapalco Blvd., Ste. 1
Marrero, LA 70072
Tel.   504-348-8524
Fax   504-348-8570